UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KELVIS RAFAEL TORREALBA LUCENA,

*Petitioner*,

v. Case No. 3:26-cv-2477-JEP-PDB

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

*Respondents*.
______________________________/

**ORDER**

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to release him. (Doc. 1 at 27). Petitioner, a citizen of Venezuela, alleges that he entered the United States on January 24, 2022, and ICE detained him on August 4, 2026. (*Id.* at 9–10). On August 28, 2026, an immigration judge conducted an individualized custody determination and granted Petitioner release on bond. (*Id.* at 13). Two days later, while Petitioner's wife was in the process of posting Petitioner's bond, an ICE officer presented Petitioner with a Notice and Order of Expedited Removal and asked him to sign it. (*Id.* at 3; Doc. 9-1 at 5). Petitioner told the officer that an immigration judge had already

granted him bond, he could not read or speak English, and he needed eyeglasses to read. (Doc. 1 at 3). And he asked the officer whether the notice and order was a deportation document. (*Id.*). The officer assured Petitioner by comparing the notice and order to what he represented to be a real deportation document. (*Id.*). Petitioner signed the notice and order and, thus, he claims that he unwittingly agreed to waive his release on bond and depart the country. (*Id.*). In the Petition, Petitioner contends, among other things, that his continued detention violates the Immigration and Nationality Act ("INA"). (*See id.* at 16–19).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden*, 175 F.4th 1258, 1276

(11th Cir. 2026).[1] The Federal Respondents concede that this Court is bound by the Eleventh Circuit's decision in this case, Petitioner is presently detained under § 1226(a), and, thus, Petitioner is entitled to another bond hearing. (Doc. 9 at 3).

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention without an individualized bond hearing violates the INA.[2] Within **three days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner.[3] If Respondents release Petitioner,

---

[1] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[2] Because the Court grants relief on Petitioner's claim under the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[3] The Court expects that the Department of Homeland Security will consider Petitioner's particular circumstances when complying with this Order, especially considering that it appears he is now back in the same position that he was just over

they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

2. The Federal Respondents must file a notice within **24 hours** of their compliance with the Court's Order.

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on October 19, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record
Kelvis Rafael Torrealba Lucena

a month ago when an immigration judge granted his request for a bond and Petitioner's wife posted that bond. (Doc. 1 at 2, 13).